# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2008

No. 08-20305
Summary Calendar

Charles R. Fulbruge III
Clerk

In the Matter of: WILLIAM C BOSSART; MARILYNN W BOSSART

Debtors

WILLIAM C BOSSART; MARILYNN W BOSSART

Appellants

v.

KENNETH R HAVIS, Chapter 7 Trustee

Appellee

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
USDC No. 4:08-CV-0463

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

William C. and Marilynn W. Bossart appeal from the district court's upholding of a bankruptcy court decision that their paying about $108,000 to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purchase an annuity on the eve of filing for bankruptcy was a fraudulent transfer. We agree with the decision and AFFIRM.

Two days before filing their Chapter 7 petition in March 2005, the Bossarts liquidated various nonexempt assets. They used the proceeds to purchase an annuity from AIG SunAmerica Life Assurance Company. The Bossarts listed on their bankruptcy court schedules an AIG annuity in the amount of $108,415.37, claiming it was purchased with exempt funds received through a relative's estate. That inheritance had been received four years earlier. Seventeen months after the bankruptcy was opened, the Trustee filed a complaint against AIG, seeking to avoid the transfer to AIG. See 11 U.S.C. § 548(a). AIG deposited what the district court called the "accumulated cash value" of the annuity into the registry of the court. AIG was dismissed from the action. The Bossarts then intervened, seeking the return of the funds. After trial, the bankruptcy court found that the transfer had been fraudulent and allowed the Trustee to recover the funds, with interest.

The Bossarts raise five issues on appeal from the district court's affirmance of the bankruptcy court decision. They claim: first, that the Trustee should be unable to recover the funds paid into the court because they constitute the annuity itself, an exempt asset, rather than the premium used to purchase the annuity; second, that the proceedings in bankruptcy court were in fact an interpleader action, not one for avoidance of a fraudulent transfer, and the Trustee should therefore be required to meet a higher burden of proof that applies to recovery of interpleaded funds; third, that the Trustee should be estopped from making his fraudulent transfer claim because he did not initially object to the purchase of the annuity; fourth, that the bankruptcy court failed to make findings of fact and conclusions of law sufficient to support its judgment; fifth, and finally, that the amount of the judgment was too high because the

Trustee was able to recover the original annuity premium plus the interest paid by AIG before the funds were paid into the court.

"We review the bankruptcy court's decision under the same standards as the district court: conclusions of law and mixed questions of fact and law are reviewed de novo, while findings of fact are reviewed for clear error." In re McLain, 516 F.3d 301, 307 (5th Cir. 2008).

The district court found no merit to the Bossarts' issues. It held that the Trustee had not sought to recover the annuity itself but claimed the funds the Bossarts had paid as a premium to AIG in order to purchase the annuity. The court found that the action was a Section 548 fraudulent transfer proceeding, not an interpleader proceeding.

The court further held that the Trustee's earlier failure to object to the exemption of the annuity did not estop him from making the fraudulent transfer claim. The court found the estoppel theory to be unsupported by caselaw. Moreover, the court held that at the time of filing bankruptcy, the Bossarts concealed the origin of some of the funds used to purchase the annuity. That concealment meant there was no factual basis for an estoppel argument.

The district court found that the bankruptcy court's findings of fact and conclusions of law were sufficient to meet the requirements of Federal Rule of Civil Procedure 52.

Finally, the Bossarts argue that the Trustee was paid too much. The premium for the annuity was about $108,000 in March 2005, but almost $130,000 was in the registry of the court by the time of the bankruptcy court's December 2007 order to pay the money to the Trustee. The district court held that the amount of the judgment was correct, as the Trustee had requested recovery of the funds used to purchase the annuity "plus interest." The district court found no evidence to dispute that the then-current amount was the original payment plus accumulated interest. The bankruptcy estate includes

"[p]roceeds . . . of or from the property of the estate." 11 U.S.C. § 541(a)(6). The interest would be proceeds of the property.

We find no error in the district court's resolution of the same issues that are brought before us. The judgment is AFFIRMED.